IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

NICK N. PIRILLO, JR., individually
and on behalf of a class of persons,
JILL PIRILLO, individually and on
behalf of a class of persons,

        Plaintiffs,

v.                           //    CIVIL ACTION NO. 1:12CV7
                                   (Judge Keeley)

PNC MORTGAGE CORPORATION,

        Defendant.

MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO REMAND [DKT. NO.11]

Pending before the Court is the plaintiffs' motion to remand (dkt. no. 11). As discussed below, the Court **GRANTS** the motion and **REMANDS** this case to the Circuit Court of Monongalia County, West Virginia.

I.

This case arises from the allegedly abusive loan servicing practices of the defendant, PNC Mortgage Corporation ("PNC"). The plaintiffs, Nick and Jill Pirillo, individually and on behalf of a putative class, allege that PNC, the servicer of their home mortgage loan, charged them attorneys' fees in violation of both the West Virginia Consumer Credit Protection Act ("WVCCPA") and their underlying loan contract.

On November 30, 2011, the plaintiffs filed a complaint against PNC in the Circuit Court of Monongalia County, West Virginia,

**PIRILLO, ET AL. v. PNC MORTGAGE CORPORATION**                    **1:12CV7**

**MEMORANDUM OPINION AND ORDER**

asserting three causes of action: (1) Breach of Contract; (2) Illegal Debt Collection in violation of W. Va. Code §§ 46A-2-115(a), -127(g), -128(c), and -128(d) (collection of attorneys' fees); and (3) Illegal Debt Collection in violation of W. Va. Code § 46A-2-127(d) (false representation of amount of claim). As relief, the plaintiffs request (1) all relief available to class members, including civil penalties, actual damages, compensatory damages, interest, attorneys' fees, and costs; (2) a declaration that PNC breached the parties' contract; (3) a single civil penalty of $4,600 for the individual claims in Counts II and III; (4) cancellation or refund of the $1,471.66 charge for attorneys' fees; (5) reasonable attorney's fees and costs; (6) pre- and post-judgment interest; and (7) "[a]ll other relief the Court deems appropriate." (Dkt. No. 3-1 at 8).

On January 6, 2012, PNC timely removed the case pursuant to 28 U.S.C. § 1332(d)(2), the Class Action Fairness Act of 2005 ("CAFA"). The plaintiffs filed a motion to remand on January 27, 2012. This motion is now fully briefed, and the matter is ripe for the Court's review.

## II.

Federal district courts have "original jurisdiction of any civil action in which the matter in controversy exceeds the sum or

2

**PIRILLO, ET AL. v. PNC MORTGAGE CORPORATION**          **1:12CV7**

**MEMORANDUM OPINION AND ORDER**

value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs," consisting of at least 100 members, "is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2), (d)(5). A state class action satisfying these requirements may be removed by the defendant to the "district court of the United States for the district and division within which such action is pending." 28 U.S.C. § 1446; see also 28 U.S.C. § 1453. The party seeking removal bears the burden of establishing federal jurisdiction, Strawn v. AT&T Mobility LLC, 530 F.3d 293, 298 (4th Cir. 2008), and that party "must supply evidence to support his claim regarding the amount at issue in case." McCoy v. Erie Ins. Co., 147 F. Supp. 2d 481, 489 (S.D. W. Va. 2001).  All doubts about the propriety of removal should be resolved in favor of retaining state jurisdiction. Hartley v. CSX Transp., Inc., 187 F.3d 422, 425 (4th Cir. 1999).

### III.

There is no question that diversity of citizenship exists between the plaintiffs and PNC. The only issues presented by the pending motion to remand are whether the defendant has established (1) that the putative class contains 100 or more persons, and (2)

**PIRILLO, ET AL. v. PNC MORTGAGE CORPORATION**                    **1:12CV7**

**MEMORANDUM OPINION AND ORDER**

that the amount in controversy exceeds $5,000,000. See 28 U.S.C.

§§ 1332(d)(2), (d)(5).

**A.**

The complaint identifies the putative class as:

> All West Virginia citizens at the time of the filing of
> this action who, within the applicable statute of
> limitations preceding the filing of this action through
> the date of class certification, had or have loans
> serviced by the Defendant.

(Dkt. No. 3-1 at 6). Based on this plain language, PNC urges the

Court to find that the proposed class consists of 4,460 members,

i.e., all borrowers in West Virginia with loans serviced by PNC as

of January 6, 2012. (Dkt. No. 16-1 at 2). The complaint's class

definition is indeed as broad as PNC suggests. The Court, however,

does not read portions of the complaint in a vacuum; rather, "when

determining who is a member of the proposed class, the complaint

must be read as a whole." Caufield v. EMC Mortgage Corp., 803 F.

Supp. 2d 519, 526 (S.D. W. Va. 2011); see also Krivonyak v. Fifth

Third Bank, No. 2:09-cv-00549, 2009 WL 2392092, at *5 (S.D. W. Va.

Aug. 4, 2009).

The plaintiffs' complaint contains three class claims that

describe in some detail the allegedly illegal manner in which PNC

serviced loans: (1) assessing attorneys' fees in violation of the

contract; (2) assessing attorneys' fees in violation of the

PIRILLO, ET AL. v. PNC MORTGAGE CORPORATION                    1:12CV7

**MEMORANDUM OPINION AND ORDER**

WVCCPA; and (3) falsely representing the amount of a claim in violation of the WVCCPA. (Dkt. No. 3-1 at 7-8). As evidenced by these specific allegations, the plaintiffs' proposed class can consist only of those borrowers whose loans were unlawfully assessed attorneys' fees by PNC. See Caufield, 803 F. Supp. 2d at 526 ("A borrower whose loan was not serviced in the manner alleged in the complaint cannot be a member of the class."); Krivonyak, 2009 WL 2392092, at *5 n.1 ("[T]he class cannot include members who do not share the same injury, that is, if someone was not charged the fees at issue in this case then they simply cannot be a part of the class."). Accordingly, the defendant's broad characterization of the putative class finds no support when the class definition is read in the context of the complaint as a whole.

Further, there is no evidence in the present record that would allow the Court to determine that the proposed class, as defined above, contains at least 100 members. PNC argues that, of its 4,460 West Virginia borrowers, 698 loans are at least 120 days delinquent, rendering them "likely" to face foreclosure, "which would," in turn, "necessitate expenditures of attorney's fees related to that foreclosure." (Dkt. No. 16-1 at 2). This highly speculative argument focuses solely on what might happen in the future, assuming hypothetically that PNC will foreclose on the

**PIRILLO, ET AL. v. PNC MORTGAGE CORPORATION**                    **1:12CV7**

**MEMORANDUM OPINION AND ORDER**

delinquent loans and then, hypothetically, that PNC will charge the borrowers for the attorneys' fees related to those foreclosures. However, "[r]emoval cannot be based on speculation; rather, it must be based on facts as they exist at the time of removal." <u>Kelford v. Bank of America</u>, 1:11-cv-146, 2011 WL 5593790, at *3 (N.D. W. Va. Nov. 17, 2011) (citing <u>Varela v. Wal-Mart Stores, East, Inc.</u>, 86 F. Supp. 2d 1109, 1112 (D.N.M. 2000)). The defendant's vague predictions of what it is "likely" to do at some unknown point in the future cannot serve as a basis for removing this case under CAFA. As such, the Court finds that PNC has not carried its burden of establishing that the proposed class has at least 100 members.

**B.**

PNC also fails to demonstrate that the amount in controversy in this case exceeds $5,000,000. Notably, the whole of PNC's amount-in-controversy argument is centered around a different complaint than the one it actually removed. As PNC itself argues, it "based the jurisdictional amount on the fact that Plaintiffs had <u>previously</u> requested an injunction on behalf of the entire class." (Dkt. No. 16 at 9) (emphasis added).

On September 2, 2011, the plaintiffs filed a complaint in the Circuit Court of Monongalia County that was, according to PNC, "virtually identical" to the complaint at issue in the instant

**PIRILLO, ET AL. v. PNC MORTGAGE CORPORATION**                    **1:12CV7**

**MEMORANDUM OPINION AND ORDER**

case. (Dkt. No. 3 at 3). PNC removed the September 2011 complaint to this Court on October 13, 2011, and the plaintiffs voluntarily dismissed the case four days later. (1:11CV165 Dkt. No. 6). Although the current complaint requests no injunctive or other equitable relief, the now-dismissed September 2011 complaint, which was likewise a putative class action, requested "[an] injunction prohibiting PNC from initiating foreclosure proceedings on any accounts in West Virginia where the loans were serviced in the manner described above." (Dkt. No. 3-4 at 6). PNC seizes upon this request, which exists only in the September 2011 complaint, to argue that the plaintiffs in the instant case are actually seeking permanent foreclosure injunctions for the class, injunctions which should be valued at the full principal balance of each class member's loan.

PNC's amount-in-controversy argument is essentially a syllogistic fallacy: the plaintiffs' first complaint sought injunctive relief; the plaintiffs' current complaint seeks "[a]ll other relief the Court deems appropriate" (dkt. no. 3-1 at 8); therefore, the current complaint must also seek injunctive relief. The plaintiffs, however, as "master[s] of [their] complaint," are entitled to re-formulate their claims. <u>Custer v. Sweeny</u>, 89 F.3d 1156, 1165 (4th Cir. 1996); <u>see also</u> <u>Morgan v. Gay</u>, 471 F.3d 469,

**PIRILLO, ET AL. v. PNC MORTGAGE CORPORATION**                          **1:12CV7**

**MEMORANDUM OPINION AND ORDER**

474 (3d Cir. 2006) ("CAFA does not change the proposition that the plaintiff is the master of her own claim."). Although PNC presents the prior pleading as concrete proof that the plaintiffs believe injunctive relief to be appropriate, even going so far as to say the plaintiffs "cannot un-ring that bell," (dkt. no. 16 at 6), the fact that the plaintiffs revised their complaint to remove this request gives rise equally to the supposition that they determined injunctive relief would, in fact, be inappropriate in this case.

It is well-established that the Court should examine the complaint at the time of removal in order to determine the amount in controversy. See St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 292 (1938) ("Moreover, the status of the case as disclosed by the plaintiff's complaint is controlling in the case of a removal."); Hicks v. Universal Housing, Inc., 792 F. Supp. 482, 484 (S.D. W. Va. 1992) ("The courts have long held that the question of jurisdictional amount for purposes of removal is controlled by the allegations of plaintiff's complaint as those allegations exist at the time the petition for removal is filed."); White v. Chase Bank USA, NA, No. 2:08–1370, 2009 WL 2762060, at *2 (S.D. W. Va. Aug. 26, 2009) ("Although the court may consider the entirety of the record at the time of removal, the starting point of its analysis clearly must be the allegations of the Complaint,

**PIRILLO, ET AL. v. PNC MORTGAGE CORPORATION**                    **1:12CV7**

**MEMORANDUM OPINION AND ORDER**

itself."). Here, the plaintiffs' complaint contains no request for
equitable or injunctive relief, the plaintiffs themselves
unequivocally state that they "are not seeking injunctive relief,"
(dkt. no. 17 at 1), and the defendant has not made a plausible
argument that the plaintiffs are falsely representing the value of
their case. In these circumstances, the Court "simply will not rely
on a standard pleading device — to request any additional relief
the court deems appropriate — as a veiled request for an
injunction." Besse v. Gen. Motors Corp., 317 F. Supp. 2d 646, 651
(D.S.C. 2004). Accordingly, the Court finds that PNC has failed to
establish that the amount in controversy exceeds the jurisdictional
threshold of $5,000,000.

## IV.

In conclusion, for the reasons discussed, the Court **GRANTS** the
plaintiffs' motion to remand (dkt. no. 11), **REMANDS** this case to
the Circuit Court of Monongalia County, West Virginia, and **CANCELS**
the Scheduling Conference currently set for **Wednesday, March 7, at
2:30 p.m.**

It is so **ORDERED.**

**PIRILLO, ET AL. v. PNC MORTGAGE CORPORATION**                    **1:12CV7**

**MEMORANDUM OPINION AND ORDER**

    The Court directs the Clerk to transmit copies of this Order
to counsel of record and send a certified copy to the Clerk of the
Circuit Court of Monongalia County, West Virginia.

DATED: March 7, 2012


                    /s/ Irene M. Keeley
                    IRENE M. KEELEY
                    UNITED STATES DISTRICT JUDGE